THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVARISTO JARDIN, Appellant. [868 NYS2d 196]

Defendant's arguments against an upward departure are improperly raised for the first time on appeal (*see* CPLR 4017, 5501 [a] [3]; Correction Law § 168-n [3]; *People v Hernandez*, 44 AD3d 565 [2007], *lv denied*, 10 NY3d 708 [2008]). In any event, the court properly exercised its discretion in upwardly departing from defendant's presumptive risk level, based on the seriousness of a prior conviction involving the death of one victim and serious injury to another, and of the underlying sex crime. These aggravating factors were not adequately accounted for in the risk assessment instrument, which did not fully capture the seriousness of defendant's conduct (*see People v Balic*, 52 AD3d 201 [2008]; *People v Ferrer*, 35 AD3d 297 [2006], *lv denied* 8 NY3d 807 [2007]). Concur—Tom, J.P., Nardelli, McGuire, Acosta and DeGrasse, JJ.